IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| ANTHONY LOVETT, | :: | CIVIL ACTION NO. |
| Movant, | :: | 1:12-CV-815-CC-LTW |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:03-CR-139-CC-LTW |
| | :: | |
| UNITED STATES OF AMERICA, | :: | MOTION TO VACATE |
| Respondent. | :: | 28 U.S.C. § 2255 |

## FINAL REPORT AND RECOMMENDATION

Movant is confined at the federal prison in Jesup, Georgia. Movant, pro se, has filed a motion under 28 U.S.C. § 2255 to vacate his sentence imposed in this case. (Doc. 67.)[1] Movant contends that he no longer meets the requirements for sentencing under the Armed Career Criminal Act in light of recent decisions issued by the U.S. Supreme Court and the U.S. Court of Appeals for the Fourth Circuit. (*Id.*) Movant therefore requests that the Court vacate his sentence and resentence him to time served. (*Id.* at 11.)

The Court sentenced Movant on June 14, 2004. (Doc. 48.) Movant did not appeal, but filed a § 2255 motion just under one year later. (Doc. 51.) The Court

---

[1] Unless otherwise indicated, all citations to the record in this Report and Recommendation refer to criminal action number 1:03-cr-139-CC-LTW.

denied Movant's § 2255 motion on March 6, 2006. (Doc. 56.) Thus, Movant's current § 2255 motion is the second one he has filed in this case.

The Court does not have jurisdiction to entertain this successive § 2255 motion unless Movant first obtains permission from the U.S. Court of Appeals for the Eleventh Circuit to pursue the motion. *See* 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(3); *Burton v. Stewart*, 549 U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive' petition . . . the District Court never had jurisdiction to consider it in the first place."). There is no indication that Movant has applied for such permission from the Eleventh Circuit, much less obtained it.

Accordingly, **IT IS RECOMMENDED** that Movant's second motion to vacate sentence [67] be **DISMISSED** as a successive § 2255 motion over which the Court lacks jurisdiction. **IT IS FURTHER RECOMMENDED** that Movant be **DENIED** a certificate of appealability because it is not reasonably debatable that the Court lacks jurisdiction to entertain Movant's second § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

**SO RECOMMENDED** this 14 day of March, 2012.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE