IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANTHONY LOVETT, | :: | CIVIL ACTION NO. |
| Movant, | :: | 1:12-CV-815-CC-LTW |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:03-CR-139-CC-LTW |
| | :: | |
| UNITED STATES OF AMERICA, | :: | MOTION TO VACATE |
| Respondent. | :: | 28 U.S.C. § 2255 |

## **ORDER**

Movant, pro se, has filed a "motion requesting relief pursuant to 28 U.S.C. § 2255(f)(3)," in which he asks the Court to "vacate, set aside, or correct his current sentence of 188 months" imposed in June 2004 and "grant a sentence of time served." (Doc. 67 in 1:03-cr-139-CC-LTW, at 1, 11.) Magistrate Judge Walker issued a Report and Recommendation that recommends denying the motion as a successive motion under 28 U.S.C. § 2255 over which the Court lacks jurisdiction. (Doc. 68 ("R&R").) Movant filed objections to the R&R. (Doc. 69.)

A district judge much conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982). This review takes different forms, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R]

to which objection is made," 28 U.S.C. § 636(b)(1)(C), while those portions of the R&R for which there is no objection are reviewed only for clear error, *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Movant's current motion is his second motion for relief under § 2255. Movant filed his first § 2255 motion in June 2005, (Doc. 51), and the Court denied that motion in March 2006, (Doc. 56). Movant nevertheless argues that his current motion is not a second or successive § 2255 motion because he seeks relief under § 2255(f)(3) based on new rulings by the U.S. Supreme Court in 2010 and 2011. (Doc. 69.)

Section 2255(f) provides a one-year statute of limitations for seeking relief under § 2255. The four sub-paragraphs within § 2255(f) provide different triggering dates for the limitations period. The provision Movant relies on reads as follows:

> (f) A 1-year period of limitations shall apply to a motion under this section. The limitation period shall run from the latest of –
> . . . .
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

28 U.S.C. § 2255(f)(3). The statutory text makes clear that § 2255(f)(3) provides no substantive basis for relief from a federal conviction or sentence, but only provides a date for use in determining whether a § 2255 motion has been timely filed.

2

The issue in this case is not whether Movant timely filed his current motion seeking relief under § 2255, but whether the Court has jurisdiction to consider the motion at all. Movant sought and was denied relief under § 2255 years ago and, in his current motion, again seeks relief under § 2255 from his criminal conviction and sentence imposed in this case. Movant seeks relief based on new law, not new facts, that arose since the Court denied his first § 2255 motion. (Doc. 67.) Thus, his current motion is a "second or successive" motion under § 2255. *See Tompkins v. Sec'y, Dep't of Corr.*, 557 F.3d 1257, 1259-60 (11th Cir. 2009).

Even if Movant is correct that his sentence is unlawful based on recent rulings from the U.S. Supreme Court or that such rulings allow him to file another § 2255 motion, only the U.S. Court of Appeals for the Eleventh Circuit has the power to decide whether Movant can assert that claim in a successive § 2255 motion. A successive § 2255 motion "must be certified as provided in [28 U.S.C.] section 2244 *by a panel of the appropriate court of appeals* to contain . . . a new rule of constitutional law." 28 U.S.C. § 2255(h) (emphasis added). Movant must present his arguments to the U.S. Court of Appeals for the Eleventh Circuit to obtain permission to file another § 2255 motion. This Court lacks jurisdiction over Movant's claim unless the appellate court allows him to present it in a successive § 2255 motion. *See*

*United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *United States v. Stallworth*, No. 3:95cr3039/RV, 2012 WL 512644, at *2-3 (N.D. Fla. Jan. 26, 2012) (dismissing for lack of jurisdiction successive § 2255 motion that challenged, like Movant's current motion, federal sentence based on *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010)); *Payne v. United States*, No. 4:06-CV-673 CAS, 2011 WL 4810718, at *2-3 (E.D. Mo. Oct. 11, 2011) (same).

Accordingly, the Court **OVERRULES** Movant's objections [69] and **ADOPTS** the R&R [68] as the opinion of the Court. Movant's current motion challenging his sentence under § 2255 [67] is **DENIED** as a successive § 2255 motion over which the Court lacks jurisdiction. The Court **DENIES** Movant a certificate of appealability. Civil action number 1:12-cv-815-CC-LTW is **DISMISSED**.

**SO ORDERED** this 4th day of April, 2012.

> *s/ CLARENCE COOPER*
> CLARENCE COOPER
> UNITED STATES DISTRICT JUDGE

4